CARL E. PRUETT, ROSEMARY S. PRUETT, NORMAN M. JONES, HELEN G. JONES, JAMES W. BLACK, ANNIE C. BLACK, CARL F. KAMMERER, MARY KAMMERER, ROGER T. CHECHE, FRANCES S. CHECHE, LULU P. HUTCHISON, LLANGOLLEN CLUB, INC., a Delaware corporation,

Plaintiffs,

*vs.*

JOSEPH F. DAYTON, G. LESTER CLEAVER, HARRY H. LAMBERT, constituting the Levy Court of New Castle County, LAND-FILL, INC., a Delaware corporation, DOMINICK CANTERA and MARION CANTERA,

Defendants.

*New Castle, October 31, 1960.*

Vincent A. Theisen, of Theisen & Lank, Wilmington, for plaintiffs.

Clarence W. Taylor, Wilmington, for defendants, Joseph F. Dayton, G. Lester Cleaver and Harry H. Lambert, constituting the Levy Court of New Castle County.

Clement C. Wood, of Allmond & Wood, Wilmington, for defendant, Land-Fill, Inc.

*Clair J. Killoran,* of Killoran & VanBrunt, Wilmington, for defendants, Dominick and Marion Cantera.

SEITZ, Chancellor: Plaintiffs seek to restrain the defendants from using certain land for sanitary land-fill purposes or, less euphemistically, a dump. The land is located next to a residential development known as Llangollen Estates. The Levy Court action is taken pursuant to statutory power. See 9 *Del.C.* §2401 *et seq.,* as amended. The statute permits the Levy Court to acquire or obtain the use of land for sanitary land-fill "at any place within the County that it deems advisable" and permits it to contract with other entities to handle the operation thereof. This it has done with the corporate defendant, Land-Fill, Inc.

The court is confronted with an application made on the very eve of the commencement of the operation and thus can only state its conclusions generally.

Plaintiffs first claim that the use of the land next to Llangollen Estates for a dump violates the Zoning Code. The answer is that the statute and implementing code apply to the private use of land. In any event, they have no application to the Levy Court because certain power in this area was granted to it by a separate statute approved June 21, 1951, some sixteen days after the approval of the zoning statute. It contains no reference to any zoning limitations. Indeed, an amendment to the garbage disposal statute was added by the Legislature in 1959 to permit the Levy Court to adopt the action here under attack. The amendment contains no reference to a zoning limitation.

Plaintiffs claim that the dump will create a nuisance. Defendants assure the court that this will not be so because of the precautions to be taken. The difficulty with plaintiffs' position is that the Levy Court has apparently been granted the legal power to do what it has done. Plaintiffs' basic quarrel is with the soundness of the judgment of the Levy Court in selecting this particular site. Whether plaintiffs will have any remedy if the dump is operated so as to create a nuisance in fact I need not now decide. Certainly the use can be considered objectionable but the harsh fact is that the Levy Court has the

statutory power to make the selection and this court cannot substitute its judgment.

Plaintiffs argue that the permission of the State Board of Health was not obtained although required, citing 16 *Del.C.* § 1701 *et seq.* The most casual reading of those sections of the Code reveals that they have no application to this case. They deal with the bringing of garbage into the State or the dumping of garbage on public or private property without permission.

While the court is in sympathy with plaintiffs' predicament, it appears that the grounds now asserted for seeking a restraining order are so clearly without merit that plaintiffs' application must be denied. I emphasize that under the law the court may not interfere where the Levy Court is making the decision pursuant to a proper grant of power. The wisdom of the grant of such power is not for the court to decide. No constitutional question is raised.

Present order on notice.